BIRD, DEMANDANTE Y APELANTE, *v.* ROIG ET AL., DEMANDADOS
Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao
en un caso de acción rescisoria.

No. 1151.—Resuelto en agosto 1, 1914.

PAGARÉS—SENTENCIA DICTADA EN COBRO DE UN PAGARÉ—ENDOSO DEL MISMO
DESPUÉS DE DICTADA SENTENCIA—ACCIÓN RESCISORIA.—Cuando en un pleito
en cobro de un pagaré el demandante obtiene sentencia a su favor la vitalidad
del pagaré se esfuma en la sentencia y dicho pagaré no puede ser transferido
después de la sentencia a otra persona, y si lo es dicha transferencia no da
al adquirente el título de acreedor por virtud del mismo para promover una
acción rescisoria de contrato.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Jacinto Texidor.*
Abogado de los apelados: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Don Modesto Bird y León, demandante y apelante, esta-
bleció una acción en la Corte de Distrito de Humacao de
acuerdo con las prescripciones del párrafo 3°. del artículo
1258 del Código Civil para rescindir y anular un contrato
de compraventa de cierta finca hecho por el demandado Ma-
nuel Roig Hernández a favor del demandado Manuel Méndez,
cuya venta según se ha alegado se hizo en fraude del deman-
dante como acreedor del vendedor.

Las alegaciones de la demanda que son pertinentes a la
cuestión envuelta en esta apelación son sustancialmente las
siguientes: Que en julio 1 de 1912, el demandado Manuel Roig
Hernández firmó al demandante cierto pagaré que se expresa
literalmente en la demanda; que en 23 de marzo de 1913, el
demandante endosó dicho pagaré a Don Jacinto Texidor,
cuyo endoso dice: "Páguese a la orden de Don Jacinto Texi-
dor valor recibido.  Guayama, marzo 23 de 1913.  M. Bird;"
que habiéndose reclamado por Texidor el importe de esta
obligación sin hacerse efectiva se vió obligado a presentar

una demanda en cobro del mismo contra el citado Roig y el ahora demandante, que fué radicada en la Corte de Distrito de Guayama en 25 de marzo, 1913, y no habiendo apelado el demandado Roig de la sentencia que en su rebeldía se había dictado contra él, cierta finca descrita en la demanda que se había embargado en el referido pleito fué anunciada en subasta pública por el márshal de la Corte de Distrito de Humacao el día 7 de Agosto de 1913, habiendo hecho constar el márshal el anunciar en el edicto esta finca que gravaba la misma una hipoteca por cuatro mil ($4,000) dólares en favor de Don Juan Vías Ochoteco sin que comparecieran postores a la subasta, siendo el valor de la finca igual a la cuantía de la hipoteca; que en virtud de no poder Texidor cobrar el importe del pagaré lo devolvió al demandante con un segundo endoso que dice: "Págase a la orden de M. Bird valor devuelto por dicho señor toda vez que no he podido cobrar el importe de esta obligación por no tener bienes el señor Roig. San Juan, P. R., agosto 8, 1913;" que con fecha doce de marzo de 1913, estando aun sin solventar en todo o en parte el pagaré, el demandado Roig en fraude de su acreedor Texidor en aquélla época, vendió al otro demandado Méndez que sabía que Roig adeudaba esta obligación a dicho Texidor y Bird y que tenía noticias de éste crédito, una finca situada en el barrio del "Mamey" de Juncos con una casa de vivienda por la suma de $6,216, cuya finca fué inscrita al folio 147 vuelto del tomo 16 de Juncos; que en esta venta se hizo constar que del precio de ella se pagarían a Don Ramón Rubial $1,176, a Santini y Compañía $1,268 y a Don Herminio Suárez $2,272; que por virtud de esta venta se pretirió a Texidor entonces y después a Bird en el cobro de su crédito, y quedó el codemandado Roig Hernández insolvente y sin bienes sobre los cuales hacer efectiva una sentencia que recayera en el cobro del pagaré descrito en la demanda pues la finca que ya había sido embargada estaba embargada por una cantidad igual a su valor; que esta venta se hizo por virtud de escritura No. 37 otorgada en Humacao ante el Notario Francisco Gon-

zález Fagundo en 12 de marzo de 1913, y ambas partes sabían
la existencia de la obligación en cuestión, la que estaba sin
saldar y que la escritura se otorgó con el único fin de de-
fraudar al tenedor del pagaré en el cobro del mismo; que el
demandado Roig carece de bienes con los que hacer efectiva
la referida obligación y el demandante carece de medios lega-
les con los cuales hacer efectiva su deuda a no ser esta acción
rescisoria.

Los demandados formularon excepción previa a la de-
manda por el fundamento de no aducir hechos suficientes para
determinar una causa de acción, que fué declarada con lugar
por la corte fundándose en primer término, en que la de-
manda no mostraba que el demandante Bird fuera acreedor
del demandado Roig, y en segundo lugar, que en ella no se
expresaban hechos suficientes constitutivos de fraude, dic-
tando al efecto sentencia desestimando la demanda.

La corte inferior funda claramente su opinión en la bien
conocida doctrina de la fusión de una cosa en otra (*merger*),
declarando en efecto que habiendo sido fundido el pagaré en
la sentencia dictada en el pleito establecido por Texidor con-
tra Roig, el demandante Bird nada adquirió por el mero en-
doso de dicho pagaré después de dictada dicha sentencia y
por tanto de la demanda no constaba que el demandante fuera
acreedor del demandado Roig, requisito principal e indispen-
sable para la rescisión de acuerdo con el artículo 1258 del
código. Sin embargo, el juez de distrito en el curso de su
opinión y por vía de argumentación hace alguna referencia
a ciertos artículos del Código de Comercio con el objeto tam-
bién de mostrar la ineficacia de tal endoso independiente-
mente de la cuestión de *merger,* dedicando el apelante la ma-
yor parte de su alegato a hacer una larga argumentación res-
pecto a si la nota en cuestión es o nó un documento mercan-
til, y por tanto, si la corte inferior cometió o nó error al fun-
darse en las expresadas disposiciones del Código de Comer-
cio en apoyo de la conclusión a que llegó. La resolución de
esta cuestión no era necesaria en manera alguna para llegar

a la conclusión a que llegó la corte sentenciadora, la que como ya hemos indicado fundó su sentencia en otros fundamentos diferentes y más sólidos, por lo que podemos muy bien dejar esta cuestión sin resolver hasta que surja la misma cuestión y sea presentada más ampliamente en algún caso en que esté envuelta de modo directo y necesario su resolución. Lo que ahora dijéramos sobre el particular, sería meramente un dicho incidental (*obiterdicta*) como fueron las manifestaciones hechas por la corte inferior.

La demanda no es completa y resulta contradictoria en cuanto a sus pormenores, siendo además vaga con respecto a la causa de acción que se quiso en ella expresar. Cualesquiera que sean los hechos en realidad, el caso debe prosperar o no en este tribunal por virtud del mismo principio en que se fundó la celebración del juicio ante la corte inferior. Esa teoría es que el demandante Bird demandó simplemente como tenedor de un pagaré que le endosó Texidor, después que la corte a instancia de éste último había dictado sentencia acerca de dicho pagaré. La corte inferior resolvió que el pagaré había quedado fundido en la sentencia y que por el mero endoso del mismo a Bird después de dictada dicha sentencia éste no podía quedar convertido en acreedor de Roig, que libró el pagaré. Creemos que no puede haber discusión alguna acerca de esta proposición y no es de la incumbencia de este tribunal promover nuevas cuestiones de *motu propio* y desenvolver todas las demás teorías con respecto al caso que podrían presentarse teniendo en cuenta las circunstancias que aparecen de los autos.

"Una reclamación o demanda que se hace judicialmente y que pasa a la sentencia definitiva se funde o confunde en la sentencia, pierde su vitalidad, no pudiendo hacerse luego uso de ella como causa de acción o contrademanda. Además, por regla general todas las cualidades peculiares de la reclamación quedan fundidas en la sentencia que entonces está al mismo nivel que todas las demás sentencias. Y estas reglas son aplicables a toda clase de reclamaciones,

incluyendo contratos, fianzas, pagarés, y de acuerdo con algunos casos, hasta a las reclamaciones que se basan en sentencias anteriores.''
    23 Cyc., 1108.

También estamos de acuerdo con la corte inferior al sostener que las alegaciones relativas al fraude son insuficientes si bien este defecto, según sugirió el juez sentenciador pudo facilmente haber quedado subsanado mediante enmienda si no fuera por el otro error más fundamental que ya hemos discutido.

No vemos en los autos que se haya cometido ningún error fundamental, debiendo confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.