BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, sustituído por BANCO DE PUERTO RICO, en su carácter de Síndico éste del Banco Territorial y Agrícola mencionado, demandante y apelado, *v.* ADRIANO GONZÁLEZ, demandado y apelante.

Núm. 7234.—*Sometido:* Diciembre 15, 1936. *Resuelto:* Febrero 18, 1937.

*R. Rivera Zayas* y *Joaquín Velilla,* abogados del apelante; *Rafael Buscaglia,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Adriano González apela de una sentencia adversa dictada en un pleito en cobro de dinero. El primer señalamiento es que la corte de distrito cometió error al declarar sin lugar una excepción previa a la demanda enmendada, basada en falta de hechos suficientes para determinar una causa de acción. Las alegaciones segunda, tercera y cuarta y la súplica de la demanda leen así:

"2.—Que el aquí demandado allá para el 19 de diciembre de 1928 suscribió y entregó a favor del Banco Territorial y Agrícola de Puerto Rico, por valor recibido a préstamo, un pagaré que copiado a la letra lee así:

" 'Por \$850.00—U. S. Cy.—Valor a 17 de marzo de 1929.—Pagaremos solidariamente al Banco Territorial y Agrícola de Puerto Rico en el local de su establecimiento en Santo Domingo, R. D., o a su orden, el día diez y siete de marzo de mil novecientos veintinueve, la suma de ochocientos cincuenta dólares, valor recibido. Dicha suma devengará, en caso de mora, interés de 12% anual.—Nos sometemos expresamente a la competencia de los Tribunales de la ciudad de Santo Domingo y nos obligamos a satisfacer las costas y gastos que el cobro de aquélla ocasione, incluso los honorarios del abogado de que el Banco se valga en su reclamación. Santo Domingo, R. D., 19 de diciembre de 1928. (Firmados) Adriano González. José Borrás.'

"3.—Que vencido el dicho pagaré, éste no fué pagado en todo ni en parte, así como tampoco sus intereses por los suscribientes del mismo, por lo que en pleito seguido ante la Cámara Civil y Comer-

cial del Juzgado de Primera Instancia del Distrito Judicial de Santo Domingo, República Dominicana, el Banco Territorial y Agrícola de Puerto Rico en un pleito sobre cobro de pagaré obtuvo contra el aquí demandado una sentencia por $1,088.00 de principal e intereses hasta la fecha de la misma con más $141.60 de costas devengadas con más intereses a razón del tipo legal en Santo Domingo del 12 por ciento anual, copia certificada de la cual y debidamente autenticada ante el Cónsul de los Estados Unidos de América en la República Dominicana se une a esta demanda para que forme parte de la misma.

"4.—Que el pagaré copiado en esta demanda, así como tampoco sus intereses, ni los gastos incurridos para su cobro han sido pagados por el demandado, ni por ninguna otra persona en su nombre, a pesar de las constantes gestiones de cobro hechas a tal fin, y que asimismo el demandado no ha pagado en todo ni en parte la sentencia que se dictó por la Cámara Civil y Comercial del Juzgado de Primera Instancia del Distrito Judicial de Santo Domingo, República Dominicana, y que se ha relacionado anteriormente, no habiendo podido ser la misma ejecutada judicialmente en la República Dominicana por estar el demandado residiendo actualmente en Puerto Rico y carecer el mismo de bienes en aquella República.

"Por todo lo que, la demandante a esta Hon. Corte suplica se sirva dictar sentencia en este caso condenando al demandado Adriano González a pagar el importe del pagaré transcrito en el hecho segundo de esta demanda, con sus intereses al 12% anual a contar desde su vencimiento, con más $141.60 de costas devengadas ante la Cámara Civil y Comercial del Juzgado de Primera Instancia del Distrito Judicial de la República Dominicana, o sea, el equivalente de la sentencia dictada por el dicho Tribunal, con más las costas, gastos y honorarios de abogado que dé lugar a este litigio."

El apelante asume que el pleito se basaba enteramente en la sentencia descrita en la demanda, y no en el pagaré. Su contención es que la sentencia era nula en lo que a él se refería por falta de jurisdicción sobre la persona del demandado González, conforme demuestra la copia certificada de la sentencia en sí unida a la demanda, en conexión con otros hechos aducidos en esta última. Podría ser que a este respecto el apelante esté claramente en lo cierto. Sin embargo no podemos asumir con él que el derecho del demandante a recobrar gira enteramente en torno a la validez de la sentencia dictada en Santo Domingo. La causa de acción ori-

ginal del demandante no se fundió (*merged*) en la sentencia nula. 33 C. J. 768, sec. 1183; 33 C. J. 1130, sec. 77. La demanda es ambigua y dudosa, más considerada como un pleito en cobro de pagaré, aduce hechos suficientes para determinar una causa de acción.

El segundo señalamiento es que la corte de distrito cometió error al admitir en evidencia la sentencia dictada en Santo Domingo. El demandado se opuso a la admisión de la sentencia, sin aducir el fundamento de su objeción. Al pedírsele que especificara los motivos que tenía para ello dijo que el documento no había sido debidamente identificado. La objeción que ahora se hace es que el Cónsul Americano en su certificado no hace constar que el secretario que autentica la sentencia fuera ''el funcionario encargado de la custodia del original.'' Véase el inciso 8 del artículo 431 del Código de Enjuiciamiento Civil. Toda vez que el apelante insiste ahora y que el apelado admite que la sentencia era nula y toda vez que por otra parte se desprende que la presentación de la misma en evidencia no afectó en modo alguno el resultado final ante la corte de distrito, el error, de haberlo, no fué perjudicial. *Camacho* v. *Balasquide,* 19 D.P.R. 590; *Silva* v. *Carbonell,* 35 D. P. R. 244.

El tercer señalamiento es que la corte de distrito erró al dictar la orden de 26 de julio, 1935. Al presentarse el pagaré en evidencia la corte de distrito sostuvo una objeción basada en que la obligación del pagaré se esfumó en la sentencia. La orden de julio 26 lee así:

''Estudiando las alegaciones y evidencia ofrecida por las partes en el juicio oral celebrado en este caso, nos damos cuenta que cometimos error al no admitir en evidencia el pagaré ofrecido por el demandante y que se marcó como evidencia ofrecida y no admitida. Como el error apuntado es de tal naturaleza que impide a la Corte dictar la sentencia procedente, en bien de la justicia y haciendo uso de la facultad que que a toda corte confiere el inciso 8 del artículo 7 del Código de Enjuiciamiento Civil (edición de 1933) para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia, ordena que comparezcan las partes para una

audiencia que tendrá efecto el 5 de agosto próximo, a las 9 a. m., en la cual la demandante tendrá oportunidad de ofrecer de nuevo en evidencia el pagaré por $850.00 suscrito por el demandado a la orden del Banco Territorial y Agrícola el 19 de diciembre de 1928, vencedero el 17 de marzo de 1929 y que fué marcado como evidencia ofrecida y no admitida. El demandado a su vez, podrá ofrecer cualquier otra evidencia que la admisión de dicho pagaré pueda hacer necesaria a la defensa de sus derechos.''

Esta orden fué dictada durante el período regular de vacaciones de la corte, mas no en cámara. La corte actuaba en sesión especial convocada con el objeto de despachar el calendario especial de los viernes; para conocer y resolver asuntos criminales pendientes que la corte creyera necesario señalar; para dictar sentencias pendientes en casos civiles y criminales, y para cualquiera otra gestión urgente y de inaplazable atención. El apelante no sostiene que una sentencia dictada en una sesión especial o ''cualquiera otra gestión urgente y de inaplazable atención'' hubieran sido nulas.

Luego de quedar sometido el caso el juez de distrito descubrió el error por él cometido de negarse a admitir como prueba el pagaré al ser ofrecido por el demandante. El resultado inevitable de este error, de no ser corregido por el juez mismo, hubiera sido un fracaso temporal de la justicia y dado lugar a una revocación al apelarse de la sentencia que la corte de distrito pudiera haber dictado. Para evitar este resultado el juez revocó su orden, abrió el caso de nuevo y señaló fecha para una vista ulterior. La revocación de esa orden y la reapertura del caso, aunque eran procedimientos interlocutorios más bien que finales, participaban de la naturaleza de una ''sentencia pendiente'' en una causa civil. Sea ello como fuere, la determinación de qué es o de qué no es ''una gestión urgente y de inaplazable atención'' es cuestión que cae dentro de la sana discreción de la corte de distrito.

El caso de Bird v. Roig, 21 D.P.R. 407 no sirve de autoridad para la contención de que el pleito original del demandante contra González se fundiera en la sentencia dictada en Santo Domingo.

Lo dicho anteriormente resuelve la contención que el apelante hace bajo los señalamientos cuarto y quinto, tal cual ésta ha sido presentada en el alegato.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.